LUCIANO RÍOS, Plaintiff and Appellee, *v.* JOSÉ ROMÁN *et al.*, Defendants and Appellants.

No. 10153.   Argued April 3, 1950.—Decided April 10, 1950.

*Francisco González, Jr.,* for appellants.   *R. A. Arroyo Ríos* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

An action of unlawful detainer at sufferance was brought by Luciano Ríos against José Román and Octavio Ríos in the District Court of Humacao.   He alleges in the complaint that he is the owner of a rural property of 1.47 cuerdas situated in the barrio Buena Vista of the municipality of Humacao; that the defendants, without any title or right, hold over and possess said property using it precariously without paying any rent or consideration and that they have refused and refuse to surrender possession thereof.   The defendants answered

denying the essential facts of the complaint. Octavio Ríos alleged that he owns seven rural properties within the same municipality where the one described in the complaint is situated, and José Román alleged that he neither owns nor is in the material possession of any property in said ward and much less of that described in the complaint. After a trial in which the parties presented oral and documentary evidence, the lower court rendered judgment for plaintiff thereby ordering the eviction sought, and sentencing the defendants to pay the costs, plus $75 for attorney's fees.

The defendants appealed and allege that the lower court erred in deciding (1) that the plaintiff proved any title to the property object of the unlawful detainer and (2) that the plaintiff was entitled to the unlawful detainer, notwithstanding the fact that an action of revendication, by virtue of which the defendants could take material possession of the property, was pending.

Plaintiff's evidence tended to show that he had obtained judgment of debt; that by said judgment the property object of the unlawful detainer was adjudicated to him and that the defendants enjoy the property at sufferance. The latters' evidence tended to prove that plaintiff's title was void.

There is no doubt that the evidence presented to the lower court was sufficient to justify its judgment.

Upon discussing the first error the defendants maintain that the plaintiff did not prove any title to the property, inasmuch as the action of debt from which plaintiff's title is derived is null and void, for the following reasons:

(a) Because the return of process did not state the place where it had been served on defendants.

(b) Because six months after defendants were served as indicated, a motion was filed, in the Municipal Court which entertained the case, alleging that all the defendants, except one, were minors, and it was requested that the codefendant who was of legal age and their brother, be appointed as their

guardian *ad litem;* that the court, without hearing the parties and without jurisdiction to do so, appointed the guardian *ad litem* as requested.

(*c*) Because the judgment in that suit was rendered against the defendants as "the heirs of Evarista López" and not as "her sole and universal heirs".

(*d*) Because said judgment was rendered twenty-six days after trial instead of on the same day or the day after, as provided by § 4 of Act No. 10 of 1921.

(*e*) Because the execution of the judgment was ordered before it became final and unappealable.

■■ Although an unlawful detainer proceeding should be dismissed when a conflict of titles is raised by the defendant, nevertheless, we do not think that such a question arose in this case. *Méndez* v. *Estrada,* 54 P.R.R. 207; *P. R. Leaf Tobacco Co.* v. *Colón,* 50 P.R.R. 291; *Lippitt* v. *Llanos,* 47 P.R.R. 254; and *Vallés* v. *Rivera,* 40 P.R.R. 151. See also *Pérez* v. *Castro,* 52 P.R.R. 555; *Colón* v. *Colón,* 51 P.R.R. 95; *Franceschi* v. *Claudio,* 51 P.R.R. 479, 483 and 484.

As we already noted, the defendants merely attacked plaintiff's title. However, as it will be clearly seen they lacked standing to do so.

■■ The suit for recovery of money which serves as a basis for plaintiff's title was brought by him and his wife in the Municipal Court of Humacao against the heirs of Evarista López, who were her children Cándido, Cándida, Basilia, Dominga and Gaspar Pérez López. The defendants did not prove any legal nexus whatsoever between themselves and the defendants therein, or between themselves and any one defendant or defendants, in said suit. Without being in privity with said parties they attempt to attack collaterally the judgment rendered in said suit, as well as other proceedings had therein. They are real strangers. A judgment may be attacked collaterally when it has been rendered without jurisdiction. *Pérez* v. *District Court,* 70 P.R.R. 624.

Such an attack is usually made by persons who were parties to the suit in which the judgment rendered is impeached or by their successors in title. *Cf. De León* v. *Pérez et al.*, 54 P.R.R. 202, 205; *Huertas* v. *Rosario*, 50 P.R.R. 346, 348. However, strangers may also attack a judgment collaterally under certain circumstances. In this respect in 49 C.J.S., p. 818, § 414, it is stated that:

"A stranger to the record, who was not a party to the action in which the judgment was rendered or in privity with a party is not prohibited from impeaching the validity of the judgment in a collateral proceeding; *but in order to do so he must show that he has rights, claims, or interests which would be prejudiced or injuriously affected by the enforcement of the judgment, and which accrued prior to its renditions, unless the judgment is absolutely void.*" (Italics ours.)

See also 1 Freeman on Judgments, 5th ed. § 319, pp. 636, 639, and Restatement of the Law, Judgments, § 93, pp. 459 *et seq.* We feel that the principle thus established is correct. Nevertheless, even assuming, for the purpose of this opinion, that the judgment rendered by the Municipal Court of Humacao in the action of debt is voidable, it cannot possibly be admitted that it is absolutely void. Since it is not, and since the defendants did not show that they have rights, claims, or interests which would be prejudiced or injuriously affected and which accrued prior to the rendition of the judgment by said municipal court, they lack standing in this action of unlawful detainer, to attack collaterally the validity of said judgment or plaintiff's title resulting from the adjudication made to him.

Upon discussing the second error assigned, the defendants confine themselves to alleging that since the plaintiff had brought an action of revendication and since judgment was rendered therein,[1] he should not be permitted to resort to the summary proceeding of unlawful detainer, since it is "an

---

[1] Even though in the second assignment of error it is stated that the action of revendication was pending, the records show that judgment had already been rendered.

elementary rule in law, that when an adequate ordinary remedy is available, resort should not be had to extraordinary proceedings". The judgment in the action of revendication was not rendered against any of them but even if it had, there was nothing to compel the plaintiff to request the enforcement of the judgment. Nor was there anything precluding the plaintiff from resorting to the summary proceeding of the unlawful detainer as he did in this case.

The judgment will be affirmed.